■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE SHORTS, Appellant.— Judgment of the Supreme Court, Kings County, rendered January 28, 1966, affirmed. Assuming, without deciding, that upon reasonable notice to the District Attorney an indigent defendant would be entitled to a transcript of the testimony of a witness on a prior trial which otherwise would not have been transcribed by the People (cf. *People* v. *Jaglom,* 17 N Y 2d 162), we are of the opinion that the failure here to furnish defendant with the former testimony of a named police officer did not constitute reversible error. The request was not made until the officer was being cross-examined; the prior testimony apparently had not been transcribed and was not in the possession of the District Attorney, who had made his entire file available to defendant; and, in any event, there was no substantial inconsistency between the prior testimony and the testimony at the trial (cf. *People* v. *Rosario,* 9 N Y 2d 286, 291). Defendant's other contentions have been examined and we find no merit therein. Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ERNEST F. WILLIAMS, Appellant, v. WARDEN OF QUEENS COUNTY HOUSE OF DETENTION FOR MEN, Respondent.— Judgment of the Supreme Court, Queens County, dated April 27, 1966, affirmed, without costs. (*People ex rel. Hunter* v. *Fay,* 25 A D 2d 568.) Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.

———

## (January 11, 1967)

■ In the Matter of Proceedings Against Suffolk County District Court Judge FLOYD SARISOHN, Respondent.— Motion by respondent to have this court disqualify itself in this proceeding against him denied. Beldock, P. J., Ughetta, Christ and Rabin, JJ., concur; Munder, J., not voting.

■ In the Matter of JOANN GURSEY, Respondent, v. BRUCE GURSEY, Appellant.— Motion by the appellant husband to stay an order of the Family Court, Queens County, made December 9, 1966, pending appeal therefrom denied. Examination of a transcript of the stenographic minutes of the hearing held on said date and examination of a transcript of the court's docket as furnished by the Clerk disclose that in fact no order of disposition was made by the court on December 9, 1966. It appears that the husband had made a motion to modify an existing support order. The order which was made on December 9, 1966 — and from which the husband seeks to appeal — merely refers that motion to another part of the Family Court for disposition at a later date and, in effect, by specifically continuing the existing order, refused to stay its operation pending the disposition of the motion; the merits of the motion, however, were not considered. Hence the order of December 9, 1966 is not an order of disposition from which an appeal will lie and, under the circumstances, the present motion in this court for a stay must be denied. Beldock, P. J., Christ, Rabin, Hopkins and Benjamin, JJ., concur.